UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELIZABETH BAELS BAUR,

              Plaintiff,

         -v.-

ROSENBERG, MINC, FALKOFF & WOLFF,

              Defendant.

------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/08

07 Civ. 8835 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      Elizabeth Baels Baur, a former employee of defendant law firm Rosenberg, Minc, Falkoff & Wolff, brings this action for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and defamation under New York law. Defendant moves to dismiss the defamation claim. The motion will be granted.

      The principal basis for plaintiff's defamation claim is that defendant made false and defamatory statements about her in response to a charge of discrimination she filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Under New York law, an absolute privilege protects a speaker from defamation liability for any statement made in judicial or quasi-judicial proceedings. See Park Knoll Assocs. v. Schmidt, 59 N.Y.2d 205, 208-09 (1983). That privilege applies to statements made to administrative agencies like the EEOC. Allen v. St. Cabrini Nursing Home, Inc., No. 00 Civ. 8558 (CM), 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001); Hinds v. Magna Fabrics, Inc., 96 Civ. 1383 (DC), 1997 WL 309378, at *5 (S.D.N.Y. June 9, 1997). The purpose of the privilege is to protect the right of litigants to present their cases to courts and administrative bodies. Here, having been charged by plaintiff with discrimination, and asked by the EEOC for its response, defendant had a right to state its case. Permitting actions for defamation based on such a response would chill litigants from prosecuting or defending legal actions. Plaintiff's contention that the EEOC's issuance of a "right to sue" letter trumps the privilege misunderstands the process: the EEOC letter authorizes a suit for age discrimination; the EEOC has no authority to "supersede[]" defendant's assertion of privilege in a defamation action. (P. Mem. 5)

      A review of the allegations of the complaint and of plaintiff's response to this motion (which the Court has considered as supplementing the complaint, in an effort to construe the allegations of the pro se plaintiff as liberally as possible) leaves some uncertainty as to whether plaintiff seeks to predicate her defamation action on other statements made outside the EEOC proceeding, while plaintiff was still employed by defendant. To the extent she does, however, her claim is time-barred. New York's statute of limitations for defamation is one year. See N.Y.

C.P.L.R. § 215(3). According to the complaint, plaintiff's employment was terminated on January 3, 2006. (Compl. ¶ 13.) This action was filed on September 14, 2007. Thus, any statements attributable to defendant that were made while plaintiff was still employed occurred outside the limitations period and may no longer be the subject of suit.

Accordingly, defendant's motion is granted and plaintiff's claims for defamation are dismissed. This Order has no effect on plaintiff's claims for age discrimination, which remain pending in pre-trial proceedings before Magistrate Judge Maas, to whom the case has been referred for pre-trial supervision.

SO ORDERED.

Dated: New York, New York
       February 4, 2008

                                                    GERARD E. LYNCH
                                                    United States District Judge