UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
ELIZABETH BAELS BAUR,                  :
:
               Plaintiff,                    :
:          07 Civ. 8835 (GEL)
        -v-                            :
:          **OPINION AND ORDER**
ROSENBERG, MINC, FALKOFF &             :
WOLFF,                                 :
:
               Defendant.                    :
:
------------------------------------------------------x

Elizabeth Baur, pro se.

Glen H. Parker, Hoey, King, Toker
& Epstein, New York, NY, for defendant.


GERARD E. LYNCH, District Judge:

      Elizabeth Baels Baur, appearing pro se, brought this action against her former employer, Rosenberg, Minc, Falkoff & Wolff ("the Firm"), alleging that she was unlawfully terminated because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"),[1] New York Human Rights Law, N.Y. Exec. Law § 290, et seq., and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq.  The Firm moves for summary judgment on the grounds that the plaintiff has not established a prima facie case, and that the Firm's actions were based on legitimate, non-discriminatory reasons that plaintiff has not adduced evidence to rebut.  Also pending is plaintiff's motion to reopen discovery.  For the

---

[1] In fact, plaintiff's complaint alleges a violation of Title VII of the Civil Rights Act of 1964.  Title VII, however, does not provide a cause of action for age discrimination. Nevertheless, as plaintiff is proceeding pro se, the Court construes her complaint liberally. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  Therefore, because plaintiff alleges age discrimination, we read the complaint as if it were brought under the ADEA.

reasons set forth below, the motion for summary judgment will be granted and the motion to reopen discovery will be denied.

**BACKGROUND**

The following facts are uncontested. The defendant, Rosenberg, Minc, Falkoff & White, is a small law firm with approximately twenty-five employees. (Id. ¶ 3.) In 1989, the Firm hired Baur as a legal secretary (Def.'s R. 56.1 Statement[2] ¶ 1.) ("Def.'s 56.1") Although Baur worked for the Firm apparently without incident for many years, beginning in 2004, and continuing until her termination two years later, both Steven Falkoff, the Firm's managing partner and Baur's supervisor (Id. ¶¶ 7-8.), and Anna Reyes, the Firm's office manager, had difficulty managing Baur's disruptive behavior. (Id. ¶¶ 9-10.) During this period Baur was frequently reprimanded for unprofessional conduct and poor performance.

The first such incident occurred in August 2004 when Baur responded to a paralegal's request for assistance by complaining to Falkoff that she did not "appreciate being prevailed upon by others in the office." (Id. ¶¶ 17-18.) This attitude upset Falkoff, who explained to Baur that it was her responsibility to take assignments from any attorney or paralegal in need of assistance. (Id. ¶ 19.) Falkoff also gave Baur an "official letter of reprimand," warning that she

---

[2] Plaintiff has failed to submit a Local Rule 56.1 Statement. Therefore, defendant's Rule 56.1 Statement would ordinarily be "deemed admitted for purposes of the motion." See Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000). Nevertheless, as a pro se litigant, Baur may have failed to understand the requirements of Local Rule 56.1. Therefore, since Baur has submitted a declaration ("Pro Se Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment") ("Pl.'s Aff."), the Court will consider the totality of the parties' submissions in identifying disputed material facts and will construe those disputed facts in plaintiff's favor as is appropriate on summary judgment. See Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001).

was "subject to termination at any time and without further notice." (Id. ¶¶ 20-21.)[3] Sometime in 2005, Falkoff issued an oral reprimand to Baur after she obtained a salary advance from firm partner Peter Rosenberg without first informing him that both Falkoff and Reyes had previously rejected her request for the same advance. (Id. ¶¶ 22-25.) Another incident involved Baur's repeated improper entry of data into the Firm's database system, conduct Falkoff believed to be deliberate. (Id. ¶ 27.) This behavior culminated in a note from Falkoff to Baur indicating that additional errors would not be tolerated. (Id. ¶¶ 26-27.) Baur also continued to make what Falkoff considered to be excessive photocopies, despite numerous warnings to stop. (Id. ¶ 28.) Finally, the Firm "strongly believed" – but was unable to conclusively establish – that Baur was responsible for mailing unauthorized letters to a number of the Firm's business associates falsely purporting to sever ties between the Firm and those associates. (Id. ¶¶ 29, 34.) Dan Minc, a partner at the Firm, confronted Baur about the letters, but Baur denied the charge and the matter was dropped.

In August 2005, Baur's difficulties expanded beyond the office when she had a run-in with the building's security guard. (Id. ¶ 37.) The guard's account of the confrontation – Baur contends that she was on the receiving end of the "harassment" (Pl.'s Aff. ¶ 8) – prompted a call from the building manager demanding Baur's immediate and permanent removal from the building. (Pl.'s Aff. ¶ 37; Williams Aff., Exh. F.) Minc was able to assuage the building manager, but he warned Baur that future similar incidents would result in her termination. (Def.'s 56.1 ¶ 37.)

---

[3] Baur does not dispute the underlying facts surrounding this incident or the formal letter of reprimand that resulted. She does, however, allege that at a subsequent meeting called by Peter Rosenberg (another partner at the firm), Falkoff apologized for sending the letter, declared it null and void, and symbolically tore up a copy of it. (Pl.'s Aff. ¶ 32.)

During this time period, Baur was also habitually late for work. While she was scheduled to report at 9:30 a.m., time sheets establish that she routinely arrived after 10:00 a.m. (Id. ¶¶ 13-14; Decl. in Supp. of Mot. for Summ. J., Exh. H.) ("Parker Declaration, Exh. H") Both Reyes and Minc confronted Baur about her tardiness. (Def.'s 56.1 ¶¶ 14-15.) To lessen the strain on all parties and "avoid future issues," the Firm adjusted Baur's work hours, allowing her to arrive at 10:00 a.m. (Id.) Despite this accommodation, Baur's tardiness continued. (Id. ¶ 16; Parker Declaration, Exh. H.)

The Firm's issues with Baur came to a head on January 3, 2006 when Baur confronted Reyes for failing to deliver her paycheck as usual. (Def.'s 56.1 ¶¶ 41, 43). While details of the incident differ, it is undisputed that doors were slammed and the argument became heated. (Id. ¶¶ 42-43; Pl.'s Aff. ¶ 41.) This time, the Firm did not give Baur a warning. Instead, Falkoff fired her. (Def.'s 56.1 ¶ 45.)

To the extent that Baur disputes any of the above, it is only to insist that the Firm shaded or manufactured these incidents as part of a plan to either force her resignation or create a pretext to fire her. (See, e.g., Pl.'s Aff. ¶¶ 11-12, 14, 17, 21-22, 29, 42, 44, 46.)

## DISCUSSION

**I.    Summary Judgment Standard**

Summary judgment is appropriate where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must resolve all ambiguities and construe all facts in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Nevertheless, the nonmoving party cannot defeat a motion for summary judgment by relying solely on "conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Instead, the nonmovant must "by affidavits or as otherwise provided . . . set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2), and come forward with "evidence on which the jury could reasonably find for the nonmovant." Pocchia v. NYNEX Corp., 81 F.3d 275, 277 (2d Cir. 1996), quoting Anderson, 477 U.S. at 252. If the nonmovant's evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50.

## II.     Age Discrimination

### A.     ADEA Standards

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a). ADEA claims are analyzed under the same burden-shifting framework used for Title VII claims, as articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-06 (1973).[4] Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000). Thus, plaintiff must first establish a prima facie case, for which the burden is "minimal," by showing that (1) she was within the protected age group; (2) she was qualified for the position; (3) she was subject to an adverse employment decision; and (4) the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. See Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003); Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001); Byrnie v. Town of Cromwell, Bd. of

---

[4] Baur's state law and city law claims are analyzed under the same framework as her ADEA claim. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001).

Educ., 243 F.3d 93, 101 (2d Cir. 2001). Meeting this test "creates a presumption that the employer unlawfully discriminated." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). This presumption "places the burden of production on the employer to proffer a nondiscriminatory reason for its action." James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000). If the employer fails to present such a reason, plaintiff prevails. Id.

However, once the employer lays out a non-discriminatory reason for its actions, the initial presumption established by the plaintiff's prima facie case "completely 'drops out of the picture.'" Id., quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). At that point, "the employer will be entitled to summary judgment . . . unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." Id. While "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated," Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000) (emphasis added), such a finding is not required. Thus, when the employer has proffered an explanation and the plaintiff has attempted to refute it, the Court's responsibility is to "examin[e] the entire record to determine whether the plaintiff could satisfy his 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" Schnabel, 232 F.3d at 90, citing Reeves, 530 U.S. at 143.

At the summary judgment stage, this requires plaintiff to cite "admissible evidence [showing] circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on

discrimination." Terry, 336 F.3d at 138, quoting Stern v. Trustees of Columbia Univ., 131 F.3d 305, 312 (2d Cir. 1997).

      B.      The Legal Standards Applied

The Firm argues that Baur has failed to state a prima facie case of discrimination. The point is well taken. While Baur vigorously disputes the merits of the disciplinary actions taken against her, there is serious doubt as to whether she has presented any admissible evidence that her discharge occurred under circumstances giving rise to an inference of age discrimination. See Phillips v. Chertoff, 03 Civ. 4266, 2005 WL 3466033, at *5 (S.D.N.Y. Dec. 16, 2005) ("To make a prima facie showing, the plaintiff must offer at least some minimal evidence to show that the circumstances permit an inference of discrimination."). Nonetheless, the initial burden plaintiff carries on summary judgment is "minimal." Hicks, 509 U.S. at 506 (1993). Therefore, rather than dismiss plaintiff's claim at this preliminary stage of analysis, the Court assumes, for purposes of deciding this motion, that Baur has established a prima facie case of discrimination.

Even assuming that Baur meets the minimal burden of establishing a prima facie case, the Firm has articulated – and provided substantial evidence of – legitimate non-discriminatory reasons for Baur's termination. First, it is well-settled that an employer may permissibly terminate an employee based on inappropriate comments, perceived insubordination, or disruptive behavior in the workplace. Schnabel, 232 F.3d at 87-88 (insubordination); Matima v. Celli, 228 F.3d 68, 79 (2d Cir. 2000) (insubordinarion and disruptive behavior); Marlow v. Office of Court Admin., 820 F. Supp. 753, 757 (S.D.N.Y. 1993) (unresponsive, intolerant, argumentative, disrespectful, and verbally combative behavior); Cutler v. Parfums Givenchy, No. 96 Civ. 9070, 1997 WL 634171, at *2 (S.D.N.Y. Oct. 15, 1997) (repeated refusals to comply

with paperwork requirements).  Therefore, the Firm has met its burden of production by presenting undisputed evidence that Baur was insubordinate – in that she refused to arrive for work on time (Def.'s 56.1 ¶ 14), make the appropriate number of photocopies (id. ¶ 28), or accurately enter data into the Firm's database (id. ¶ 6) – and that her confrontations with management (id. ¶¶ 15, 19, 25), fellow support staff (id. ¶ 44), and building employees (id. ¶ 38) disrupted the work environment.  Accordingly, the Court finds that the Firm has proffered legitimate, nondiscriminatory reasons for its decision to discharge Baur.

       The production of this non-discriminatory rationale shifts the burden back to Baur who, in order to survive summary judgment, must come forward with evidence showing that the Firm's asserted rationale for her firing was a pretext and that, in actuality, she was terminated because of her age.  McDonnell Douglas, 411 U.S. at 804; Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 94 (2d Cir. 2001).  At the very least, Baur must introduce evidence raising an issue of material fact as to whether the Firm has honestly and truthfully set forth their reasons for firing her.  Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (plaintiff must introduce evidence "sufficient to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false") (internal quotations omitted).  Baur makes two arguments to attempt to show that the Firm's asserted rationale was a pretext for age discrimination.  First, she claims that the Firm mischaracterizes her behavior during the incidents in question, and that, rather than instigating these conflicts, she bore the brunt of her colleagues' unprofessional behavior.  Second, Baur claims that the incidents themselves were part of a larger plan to either compel her to quit or justify her termination.  Neither argument is persuasive.

First, Baur's attempt to dispute particular facts surrounding the incidents of insubordination and unprofessionalism put forward by the Firm – while admitting they occurred – is misplaced. The ADEA is not violated simply because an employer misjudges the quality of its employee or an employee feels misunderstood. Absent evidence of discrimination, it is not the "province of the Court to sit as a super-personnel department that reexamines an entity's business decisions." Dodson v. CBS Broadcasting Inc., No. 02 Civ. 9270, 2004 WL 1336231, at *21 (S.D.N.Y. June 15, 2004) (collecting cases); Faldetta v. Lockheed Martin Corp., No. 98 Civ. 2614, 2000 WL 1682759, at *9 (S.D.N.Y. Nov. 9, 2000) (internal citations and quotations omitted). In determining pretext, the issue is not whether the employer reached a correct conclusion in attributing fault with respect to workplace altercations, but whether the employer made a good-faith business determination. See Byrnie, 243 F.3d at 104; Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1226 (2d Cir. 2000) (commenting that "courts should be careful not to second-guess an employer's judgment that it makes in good faith "). Baur's version of the events in question does not cast any doubt on whether the Firm believed that she was disruptive and insubordinate. Indeed, while Baur disputes the details of the incidents cited by the Firm, her version effectively concedes a pattern of repeated conflict with supervisors, fellow employees, and outsiders that would warrant a reasonable employer in concluding that Baur's services were expendable.[5]

---

[5] For example, Baur admits to "recurring scenes" that erupted between her and Reyes on the occasions when she arrived late to work. (Pl.'s Aff. ¶ 34.) Additionally, she recognizes that Falkoff was angered by her protests about accepting work from a paralegal (Id. ¶ 31) and that her actions resulted in the official letter of reprimand. (Id.) She also acknowledges recurring conflicts with the building security guard. (Id. ¶ 8.) Baur even admits that, during the conflict with Reyes immediately preceding her termination, and after Reyes responded negatively to her paycheck inquiry by demanding Baur leave her office, Baur reentered Reyes' office without permission, sparking further conflict. (Id. ¶ 41.)

Moreover, Baur's broad allegations that, "[a]t no time did [she] engage in unprofessional, insubordinate, confrontational and disruptive behavior with anyone at the Firm," and that she "maintained a semblance of calmness despite a series of humiliations . . ." (Pl.'s Aff. ¶ 34), are too general, unsubstantiated, and self-serving to raise a genuine issue of material fact. Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact."); Smith v. Am. Express, Co., 853 F.2d 151, 154-55 (2d Cir. 1988) (affirming summary judgment where plaintiff failed to rebut employer's justifications through specific facts contained in affidavits, deposition testimony, or other admissible evidence). Whether or not the Firm treated Baur with the respect she felt she deserved, there is simply no evidence – direct or indirect – indicating that age discrimination and not Baur's disruptive conduct led to the Firm's decision to fire her. Schnabel, 232 F.3d at 91 (affirming district court's decision to grant summary judgment where plaintiff failed to show that "age was a determinative factor" in his termination).

For similar reasons, Baur's second argument – that her firing was the culmination of a plot or "schematic design" (Pl.'s Aff. ¶ 21) to force her to quit or justify her termination – is without merit. Even if Baur had introduced admissible evidence that her colleagues and the building's management were engaged in a conspiracy to terminate her employment – which she has not – she has not adduced even a scintilla of evidence that the rationale for that conspiracy was age discrimination. It is not enough that defendant's asserted rationale be a pretext. Rather it must be a pretext for age discrimination. Schnabel, 232 F.3d at 90. Baur points to no comments, hostile or otherwise, made about her age and identifies no instances where age animus, either explicit or implicit, was evident in the actions of any of the Firm's partners (or, for that matter, anyone else at the Firm). Indeed, in her own affidavit in opposition to summary

10

judgment, as she lays out the events at issue in this case, Baur mentions age only once, and then only to say that she "verily believe[s]" that she was fired due to age discrimination. (Pl.'s Aff. ¶ 46.) That, of course, is not evidence.

There is also no evidence that the Firm treated Baur any differently than it did its younger employees or that younger employees acting similarly to Baur received different treatment. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985) (granting summary judgment under similar circumstances). To the contrary, the record abounds with evidence that the Firm did not practice age discrimination. At the time of Baur's termination all four partners at the firm were over forty years of age[6] and both Minc and Rosenberg were over fifty. (Def.'s 56.1 ¶ 4.) In addition, the Firm, despite its small size, has had a number of employees work, without incident, well past the age of sixty-five, including an office manager who retired at the age of seventy-seven, a secretary who retired at age sixty-eight, and a partner who retired at age seventy. (Id. ¶ 6.) Furthermore, not long after Baur's termination, Falkoff, after issuing a series of verbal warnings, fired a twenty-nine year old support-staff employee due to performance issues. (Id. ¶ 49.) Finally, Baur's replacement was forty-nine years old when she was hired. (Id. ¶ 48.)

The documented complaints against Baur stem from numerous sources, requiring her to contend that she was discriminated against not simply by a biased supervisor or even a management policy, but by a veritable conspiracy of partners, paralegals, non-professional staff, the security guard and the building manager. There is no evidence that any of these people, let alone all of them, harbored any agist animus.

---

[6] "The ADEA prohibits discrimination in employment on the basis of age against persons aged forty or older." D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194 (2d Cir. 2007), citing U.S.C. §§ 623(a)(1), 631(a).

Baur's failure to elicit any evidence of age animus is fatal to her claim. Therefore, summary judgment for the defendant is appropriate.

**III. Motion to Reopen Discovery**

Finally, plaintiff moves to reopen discovery. She provides, however, little or no rationale warranting such an extension. Baur conducted no discovery during the discovery period ordered by Magistrate Judge Frank Maas, who supervised pre-trial proceedings, and she waited nearly fifty days after the close of discover to seek an extension. (Decl. in Supp. of Mot. to Resume and/or Re-Open Disc. ¶ 3.) The only argument advanced in support of an extension is the claim that Baur suffered ill health at various times during the discovery period. (Id. ¶ 5.) But this explanation fails to account for the full period of discovery, during which she was sufficiently healthy to be deposed by defendant.

Moreover, plaintiff's motion was submitted only one week prior to the Court's timely receipt of defendant's motion for summary judgment. Therefore, defendant had already dedicated substantial resources to its motion for summary judgement by the time plaintiff's motion was filed. Under these circumstances the proper standard for assessing plaintiff's motion is provided by Rule 56(f), Fed. R. Civ. P. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303-04 (2d Cir. 2003). Rule 56(f) gives the court discretion to deny or defer an otherwise supported motion for summary judgment to allow for further discovery if the nonmoving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment. Parties seeking to reopen discovery must detail (1) the specific facts sought and how they anticipate obtaining them, (2) "how those facts are reasonably expected to create a genuine issue of material fact," (3) other efforts made to

obtain those facts, and (4) "why those efforts were unsuccessful." Burlington Coat Factory Warehouse, Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985).

Baur, however, fails to identify a single specific fact she seeks to uncover, or even to describe the particular discovery she wants to perform. As a result, there is no indication that reopening discovery would likely lead to evidence of discrimination. Nor does Baur explain what previous efforts were made to obtain evidence, or why they were unsuccessful. Indeed, as mentioned above, she apparently conducted no discovery whatsoever during the discovery period. To grant an extension at this point would unfairly prejudice the defendant, which moved forward with the case and filed its motion for summary judgment on the schedule established by Judge Maas. Accordingly, Baur's motion to reopen discovery is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reopen discovery is denied and defendant's motion for summary judgment is granted. The clerk is respectfully directed to enter judgment dismissing the complaint and to close the case.

SO ORDERED.

Dated: New York, New York
December 2, 2008

_____
GERARD E. LYNCH
United States District Judge